JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**

DAVID HELLIER

**(b)** County of Residence of First Listed Plaintiff   Collier County, FL
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Jessica M. Gulash, Esq.; Lundy, Beldecos & Milby, P.C.
450 N. Narberth Ave., Suite 200; Narberth, PA 19072
(610) 668-0772

**DEFENDANTS**

MAIN LINE OVERLAND, LLC

County of Residence of First Listed Defendant   Chester County, PA
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☐ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*                    Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** — **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | Liability ☐ 367 Health Care/ | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & Pharmaceutical | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| & Enforcement of Judgment | Slander Personal Injury | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Product Liability | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted | Liability ☐ 368 Asbestos Personal | | New Drug Application | ☐ 470 Racketeer Influenced and |
| Student Loans | ☐ 340 Marine Injury Product | | ☐ 840 Trademark | Corrupt Organizations |
| (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 880 Defend Trade Secrets | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment | Liability **PERSONAL PROPERTY** | **LABOR** | Act of 2016 | (15 USC 1681 or 1692) |
| of Veteran's Benefits | ☐ 350 Motor Vehicle ☒ 370 Other Fraud | ☐ 710 Fair Labor Standards | | ☐ 485 Telephone Consumer |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle ☐ 371 Truth in Lending | Act | **SOCIAL SECURITY** | Protection Act |
| ☐ 190 Other Contract | Product Liability ☐ 380 Other Personal | ☐ 720 Labor/Management | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Property Damage | Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| ☐ 196 Franchise | Injury ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| | ☐ 362 Personal Injury - Product Liability | ☐ 751 Family and Medical | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | Medical Malpractice | Leave Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights **Habeas Corpus:** | ☐ 791 Employee Retirement | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information |
| ☐ 220 Foreclosure | ☐ 441 Voting ☐ 463 Alien Detainee | Income Security Act | ☐ 870 Taxes (U.S. Plaintiff | Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment ☐ 510 Motions to Vacate | | or Defendant) | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Sentence | | ☐ 871 IRS—Third Party | ☐ 899 Administrative Procedure |
| ☐ 245 Tort Product Liability | Accommodations ☐ 530 General | | 26 USC 7609 | Act/Review or Appeal of |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - ☐ 535 Death Penalty | **IMMIGRATION** | | Agency Decision |
| | Employment **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of |
| | ☐ 446 Amer. w/Disabilities - ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | State Statutes |
| | Other ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - | | | |
| | Conditions of | | | |
| | Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from Another District *(specify)*  ☐ 6 Multidistrict Litigation - Transfer  ☐ 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 1332
Brief description of cause:
Violation of the Unfair Trade Practices and Consumer Protection Law; common law fraud; breach of contract

**VII. REQUESTED IN COMPLAINT:**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.   DEMAND $ $75,000+   CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes  ☒ No

**VIII. RELATED CASE(S) IF ANY**   *(See instructions:)*   JUDGE _____   DOCKET NUMBER _____

DATE   10/17/2022   SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ 980 Cape Marco Drive, Unit 906; Marco Island, FL 34145 _____

Address of Defendant: _____ 917 Old Fern Hill Road #200; West Chester, PA 19380 _____

Place of Accident, Incident or Transaction: _____ West Chester, PA _____

---

*RELATED CASE, IF ANY:*

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?    Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _10/17/2022_   *Must sign here*   PA 208463

*Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

*A.   Federal Question Cases:*

☐ 1.  Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2.  FELA
☐ 3.  Jones Act-Personal Injury
☐ 4.  Antitrust
☐ 5.  Patent
☐ 6.  Labor-Management Relations
☐ 7.  Civil Rights
☐ 8.  Habeas Corpus
☐ 9.  Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
       *(Please specify):* _____

*B.   Diversity Jurisdiction Cases:*

☐ 1.  Insurance Contract and Other Contracts
☐ 2.  Airplane Personal Injury
☐ 3.  Assault, Defamation
☐ 4.  Marine Personal Injury
☐ 5.  Motor Vehicle Personal Injury
☐ 6.  Other Personal Injury *(Please specify):* _____
☐ 7.  Products Liability
☐ 8.  Products Liability – Asbestos
☑ 9.  All other Diversity Cases
       *(Please specify):* _____ Fraud _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or* pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: _____   *Sign here if applicable*   _____

*Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| DAVID HELLIER | : | CIVIL ACTION |
| | : | |
| v. | : | |
| MAIN LINE OVERLAND, LLC et al. | : | |
| | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.      ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.               ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   (X)

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                        ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)                                                           ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   ( )


| 10/17/2022 | /s/ Jessica M. Gulash, Esq. | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 610-668-0772 | 610-668-7481 | jgulash@lbmlaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02


American LegalNet, Inc.
www.FormsWorkFlow.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **DAVID HELLIER**<br>**980 Cape Marco Drive, Unit 906**<br>**Marco Island, FL 34145** | **CIVIL ACTION NO.** |
| **Plaintiff,**<br>v. | |
| **MAIN LINE OVERLAND, LLC**<br>**917 Old Fern Hill Road #200**<br>**West Chester, PA 19380** | |
| **and** | |
| **MATTHEW HENWOOD**<br>**671 Aubrey Avenue**<br>**Ardmore, PA 19003** | |
| **and** | |
| **PETER HENWOOD**<br>**622 Ardmore Avenue**<br>**Ardmore, PA 19003** | |
| **and** | |
| **THOMAS HENWOOD**<br>**5805 Twin Silo Road**<br>**Doylestown, PA 18902** | |
| **Defendants.** | |

## COMPLAINT

### Parties

1.     Plaintiff David Hellier is an adult individual with an address as captioned.

2.     Plaintiff is domiciled in the State of Florida.

3.     Defendant Main Line Overland, LLC ("**MLO**") is a Pennsylvania limited liability

company with a business address as captioned.

4.     Defendant MLO, and all of its members, are domiciled in the Commonwealth of Pennsylvania.

5.     Defendant Matthew Henwood is an adult individual with an address as captioned.

6.     Defendant Matthew Henwood is domiciled in the Commonwealth of Pennsylvania.

7.     Defendant Matthew Henwood holds himself out as the President and Co-Owner of Defendant MLO.

8.     Defendant Peter Henwood is an adult individual with an address as captioned.

9.     Defendant Peter Henwood is domiciled in the Commonwealth of Pennsylvania.

10.     Defendant Peter Henwood holds himself out as the Vice President and Co-Owner of Defendant MLO.

11.     Defendant Thomas Henwood is an adult individual with an address as captioned.

12.     Defendant Thomas Henwood is domiciled in the Commonwealth of Pennsylvania.

13.     Defendant Thomas Henwood holds himself out as the Director or Marketing and Co-Owner of Defendant MLO.

## Jurisdiction and Venue

14.     Plaintiff incorporates the foregoing paragraphs as though fully set forth at length herein.

15.     This Honorable Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 as there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000.00.

16.     Venue is proper pursuant to 28 U.S.C. § 1391(b) as all Defendants are residents of this judicial district and a substantial part of the events and/or omissions giving rise to the claims herein occurred in this judicial district.

**Facts**

17.     Plaintiff incorporates the foregoing paragraphs as though fully set forth at length herein.

18.     On or about January 22, 2022, Plaintiff purchased a Mercedes-Benz Sprinter Van, VIN No. W1W4EBHY3MT069816 (the "**Original Van**").

19.     Plaintiff paid $80,338.86 for the Original Van.

20.     Plaintiff purchased the Original Van with the intention of hiring a third party to customize and outfit the Original Van so that Plaintiff and his family could use the Original Van for vacations.

21.     In or around March, 2022, Plaintiff engaged Defendant MLO to outfit the Original Van.

22.     For several months, Plaintiff and representatives of Defendant MLO engaged in extensive correspondence regarding outfitting the Original Van.

23.     Plaintiff primarily corresponded with Aaron Magier, an employee of Defendant MLO.

24.     Plaintiff advised Mr. Magier that he needed the Original Van completed by mid-August 2022, as Plaintiff and his family intended to use the Original Van for a vacation beginning on August 18, 2022.

25.     During their initial discussions regarding the Original Van, Mr. Magier informed Plaintiff that some of the parts could take up to sixteen (16) weeks to procure.

26.     Mr. Magier further advised Plaintiff that if he wanted the work on the Original Van to be completed in time for the mid-August vacation, Plaintiff should order all parts by the end of March 2022.

27.     Based upon Mr. Magier's representations, Plaintiff ordered all parts by the end of March 2022.

28.     Although Plaintiff added some additional parts after March 2022, at no time did Mr. Magier or any other employee or representative of Defendant MLO advise Plaintiff that the addition of parts would affect the timeline for completing the Original Van.

29.     During their initial discussions, and in all subsequent discussions, regarding the Original Van, Mr. Magier also informed Plaintiff that outfitting the Original Van would take 1 ½ to 2 weeks.

30.     Plaintiff's decision to hire Defendant MLO to outfit the Original Van was, in large part, based upon Defendant MLO's representations regarding the time that it would take to obtain parts and complete the work on the Original Van.

31.     If Defendant MLO had not represented to Plaintiff that the Original Van would be ready by mid-August, Plaintiff would not have hired Defendant MLO to outfit the Original Van.

32.     Plaintiff paid MLO the total sum of $78,255.89 to outfit the Original Van.

33.     On July 5, 2022, Plaintiff emailed Mr. Magier and stated, in pertinent part, "Hi Aaron – just checking in to see if there was any update on the Adventure Wagon parts.  . . . We plan to drive the Sprinter to Utqh [sic] in August."

34.     A true and correct copy of the July 5, 2022 email correspondence is attached hereto and made a part hereof as Exhibit "1."

35.     Mr. Magier responded to Plaintiff's email on July 8, 2022. *See* Exh. "1."

36.     On July 8, 2022, Plaintiff again emailed Mr. Magier and stated, in pertinent part, "Hoping parts can get in so Van can be ready by Aug 12. We are heading to UT the following week." *See id.*

37.    On July 9, 2022, Plaintiff emailed Mr. Magier and inquired whether he should drop off the Original Van over the next few weeks.

38.    A true and correct copy of the July 9, 2022 email correspondence is attached hereto and made a part hereof as Exhibit "2."

39.    Mr. Magier responded to Plaintiff and stated, in pertinent part, "Can you drop off the week of the 25th? I'll put you on the schedule for two weeks starting then and we will have everything. Should work out perfect for your trip!" *See* Exh. "2."

40.    In reliance upon Defendant MLO's verbal and written representations regarding the time it would take to complete the work on the Original Van and the date by which the work would be completed, Plaintiff delivered the Original Van to Defendant MLO on July 27, 2022.

41.    Based upon Defendant MLO's express representations, Plaintiff expected that the Original Van would be outfitted and ready to be picked up from Defendant MLO on or around August 12, 2022.

42.    On or about August 8, 2022, Defendant MLO informed Plaintiff that the work on the Original Van would not be completed by August 18, 2022.

43.    Plaintiff made multiple attempts to amicably resolve the dispute with Defendant MLO regarding the completion date of the Original Van.

44.    Despite these attempts, Defendant MLO failed and refused to complete the work on the Original Van by August 18, 2022.

45.    Plaintiff then learned that the outfitting work for the Original Van was <u>never</u> going to take as little as 1 ½ to 2 weeks to complete.

46.    To the contrary, a representative of Defendant MLO informed Plaintiff that the outfitting work for the Original Van would take approximately 3 weeks to complete.

47.     Upon information and belief, representatives of Defendant MLO knew that the representation that the work on the Original Van would take only 1 ½ to 2 weeks to complete was false at the time they made such representation.

48.     As a result of Defendant MLO's failure to complete the van by August 18, 2022 (despite its express representations to the contrary), Plaintiff had no choice but to purchase another, fully-outfitted, sprinter van for his family trip (the "**New Van**").

49.     It was necessary for Plaintiff to obtain the New Van for the family trip because Plaintiff's fiancée has a medical condition that has rendered her largely unable to utilize air travel.

50.     Plaintiff paid $179,501.59 for the New Van.

51.     Defendant MLO remains in possession of the Original Van.

52.     Upon information and belief, Defendant MLO is a small company that has approximately 15 employees.

53.     Upon information and belief, Matthew Henwood, Peter Henwood, and Thomas Henwood (collectively, the "**Henwood Defendants**") all actively participate in the operation of Defendant MLO.

54.     Upon information and belief, the Henwood Defendants each knew about: (a) their employees' representations to Plaintiff regarding the Original Van; and (b) that those representations were false.

55.     Upon information and belief, the Henwood Defendants each participated in and cooperated with their employees' misrepresentations set forth above.

56.     As a result of Defendants' actions as set forth above, Plaintiff has suffered substantial monetary damages including, but not limited to, the sum paid for the Original Van, amounts paid to Defendant MLO, the increased cost of the New Van, and attorney's fees.

## Count I
## Violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law
### *Plaintiff v. All Defendants*

57. Plaintiff incorporates the foregoing paragraphs as though fully set forth at length herein.

58. The transaction between Plaintiff and Defendant MLO is within the purview of Pennsylvania's Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1 *et seq*. (the "**UTPCPL**").

59. Plaintiff purchased the Original Van for personal, household, or family use.

60. Plaintiff engaged Defendant MLO to outfit the Original Van for personal, household, or family use.

61. Defendant MLO violated the "catch-all" provision of the UTPCPL by engaging in fraudulent and deceptive conduct that creates a likelihood of confusion or misunderstanding.

62. Specifically, Defendant MLO expressly represented to Plaintiff that: (a) the work on the Original Van would be completed before August 18, 2022; and that (b) the work on the Original Van would take 1 ½ to 2 weeks to complete once all parts were delivered.

63. As detailed above, those representations were false and misleading.

64. Defendant MLO intended that Plaintiff rely upon the aforementioned misrepresentations when determining whether to engage Defendant MLO to outfit the Original Van.

65. Plaintiff reasonably relied upon the aforementioned representations when deciding to engage Defendant MLO to outfit the Original Van.

66. As a result of Defendant MLO's misrepresentations, Plaintiff has been damaged.

67. At all relevant times, the Henwood Defendants participated in, and cooperated with,

Defendant MLO's aforementioned actions.

WHEREFORE, Plaintiff David Hellier demands judgment in his favor and against Defendant Main Line Overland, LLC; Matthew Henwood; Peter Henwood; and Thomas Henwood, jointly and severally, for compensatory damages, treble damages, attorney's fees, costs, and any other relief this Honorable Court deems just and proper.

### Count II
### Fraud
### *Plaintiff v. All Defendants*

68.     Plaintiff incorporates the foregoing paragraphs as though fully set forth at length herein.

69.     As set forth above, Defendant MLO expressly represented to Plaintiff that: (a) the work on the Original Van would be completed before August 18, 2022; and that (b) the work on the Original Van would take 1 ½ to 2 weeks to complete once all parts were delivered.

70.     As detailed above, those representations were false.

71.     Defendant MLO intended that Plaintiff rely upon the aforementioned misrepresentations when determining whether to engage Defendant MLO to outfit the Original Van.

72.     Defendant MLO knew or recklessly disregarded that the aforementioned representation were false.

73.     Plaintiff reasonably relied upon the aforementioned representations when determine whether to engage Defendant MLO to outfit the Original Van.

74.     The aforesaid misrepresentations were material to the transaction at issue.

75.     As a result of Defendant MLO's misrepresentations, Plaintiff has been damaged.

76.     Defendant MLO purposefully made the aforementioned representations to induce

Plaintiff to hire Defendant MLO to outfit the Original Van.

77.     Defendant MLO's conduct in purposefully making misrepresentations was malicious and in reckless disregard of Plaintiff's rights.

78.     At all relevant times, the Henwood Defendants participated in, and cooperated with, Defendant MLO's aforementioned actions.

WHEREFORE, Plaintiff David Hellier demands judgment in his favor and against Defendant Main Line Overland, LLC; Matthew Henwood; Peter Henwood; and Thomas Henwood, jointly and severally, for compensatory damages, punitive damages, costs, and any other relief this Honorable Court deems just and proper.

## Count III
### Negligent Misrepresentation
### *Plaintiff v. All Defendants*

79.     Plaintiff incorporates the foregoing paragraphs as though fully set forth at length herein.

80.     As set forth above, Defendant MLO expressly represented to Plaintiff that: (a) the work on the Original Van would be completed before August 18, 2022; and that (b) the work on the Original Van would take 1 ½ to 2 weeks to complete once all parts were delivered.

81.     Defendant MLO knew, or should have known, that each of those representations was false.

82.     Defendant MLO intended that Plaintiff rely upon the aforementioned misrepresentations when determining whether to hire Defendant MLO to outfit the Original Van.

83.     Plaintiff reasonably relied upon the aforementioned misrepresentations when determining whether to hire Defendant MLO to outfit the Original Van.

84.     As a result of Defendant MLO's misrepresentations, Plaintiff has been damaged.

85.     At all relevant times, the Henwood Defendants participated in, and cooperated with, Defendant MLO's aforementioned actions.

WHEREFORE, Plaintiff David Hellier demands judgment in his favor and against Defendant Main Line Overland, LLC; Matthew Henwood; Peter Henwood; and Thomas Henwood, jointly and severally, for compensatory damages, punitive damages, costs, and any other relief this Honorable Court deems just and proper.

### Count IV
### Breach of Contract
### *Plaintiff v. Defendant MLO*

86.     Plaintiff incorporates the foregoing paragraphs as though fully set forth at length herein.

87.     Through their course of dealing, Plaintiff and Defendant MLO entered into a contract whereby Defendant MLO agreed to outfit the Original Van pursuant to specifications provided by Plaintiff and Plaintiff agreed to pay Defendant MLO for the parts and labor associated with outfitting the Original Van.

88.     Defendant MLO agreed to have the work on the Original Van completed before August 18, 2022.

89.     Defendant MLO breached the contract by failing to complete the work on the Original Van before August 18, 2022.

90.     As a result of Defendant MLO's breach of the parties' agreement, Plaintiff has incurred damages.

WHEREFORE, Plaintiff David Hellier demands judgment in his favor and against Defendant Main Line Overland, LLC for compensatory damages, pre-judgment interest, costs, and any other relief this Honorable Court deems just and proper.


**LUNDY, BELDECOS & MILBY, P.C.**


Date:   10/17/2022                By:      /s/ Jessica M. Gulash
                                           **JESSICA M. GULASH, ESQUIRE**
                                           PA ID # 208463
                                           450 N. Narberth Avenue, Suite 200
                                           Narberth, PA 19072
                                           (610) 668-0772
                                           jgulash@lbmlaw.com

                                           *Attorney for Plaintiff*

# Exhibit "1"

**From:** David Hellier < REDACTED >
**Subject: Re: Van build**
**Date:** July 8, 2022 at 10:48:50 AM EDT
**To:** Aaron Magier <amagier@mainlineoverland.com>

Thanks Aaron. Hoping parts can get in so Van can be ready by Aug 12. We are heading to UT the following week. Appreciate the help!

David Hellier
(m) REDACTED
(e) REDACTED

Sent from my iPhone

On Jul 8, 2022, at 9:41 AM, Aaron Magier <amagier@mainlineoverland.com> wrote:


Hey David,

We are still waiting on the adventure wagon kit but have everything else in.

Let me reach out to them to see about how much longer it will be.

Best,



## Aaron Magier
### Sales & Customer Service

(844) 656 7626 ext. 810
amagier@mainlineoverland.com
www.mainlineoverland.com

  

**From:** David H. < REDACTED >
**Sent:** Friday, July 8, 2022 10:40 AM
**To:** Aaron Magier <amagier@mainlineoverland.com>

**Subject:** Re: Van build

Hey Aaron - just checking back to see if there was any update.  Have a great weekend and thanks.

David

David Hellier
(m) REDACTED
(e) REDACTED

> On Jul 5, 2022, at 1:43 PM, David Hellier < REDACTED > wrote:
>
> Hi Aaron - just checking in to see if there was any update on the Adventure Wagon parts. I think that was one of the last things we were waiting on. Also, once the parts are in what is the process for scheduling?  We plan to drive the Sprinter to Utqh in August.
>
> Thanks, David
>
> David Hellier
> (m) REDACTED
> (e) REDACTED
>
> Sent from my iPhone
>
> > On Jun 9, 2022, at 9:33 AM, Aaron Magier <amagier@mainlineoverland.com> wrote:
> >
> >
> > Ok Great!
> >
> > I just sent over an invoice for the tank. Please get that paid asap so I can get it ordered up!
> >
> > Best,



## Aaron Magier

### Sales & Customer Service

(844) 656 7626 ext. 810
amagier@mainlineoverland.com
www.mainlineoverland.com

  

**From:** David Hellier < REDACTED >
**Sent:** Thursday, June 9, 2022 9:03 AM
**To:** Aaron Magier <amagier@mainlineoverland.com>
**Subject:** Re: Van build

Thanks Aaron. Let's move forward. What do I need to do to next?  Thanks.

David Hellier
(m) REDACTED
(e) REDACTED   -

Sent from my iPhone

On Jun 8, 2022, at 5:43 PM, Aaron Magier <amagier@mainlineoverland.com> wrote:

Just sent over two quotes for the tank.

One with just the tank and the other for labor.

Let me know what you think.

I've never fished McMichael! I know there's a ton of really great streams up in that area though. Sounds like a good time.

Best,



## Aaron Magier

**Sales & Customer Service**

(844) 656 7626 ext. 810
amagier@mainlineoverland.com
www.mainlineoverland.com

  

**From:** David Hellier < REDACTED >
**Sent:** Wednesday, June 8, 2022 11:22 AM
**To:** Aaron Magier <amagier@mainlineoverland.com>
**Subject:** Re: Van build

# Exhibit "2"

**From:** Aaron Magier <<u>amagier@mainlineoverland.com</u>>
**Subject: Re: Van build**
**Date:** July 11, 2022 at 9:35:05 AM EDT
**To:** David H. < ▉REDACTED▉ >

Hi David,

I was talking with Adventure wagon on Friday and It look like the final pieces of your kit are backordered for another week or so.

We don't really have the space to keep your van inside here this week. Can you drop off the week of the 25th?

I'll put you in the schedule for two weeks starting then and we will have everything.

Should work out perfect for your trip!

Let me know if that works.

Best,



# Aaron Magier

## Sales & Customer Service

(844) 656 7626 ext. 810
amagier@mainlineoverland.com
www.mainlineoverland.com



---

**From:** David H. < ▉REDACTED▉ >
**Sent:** Saturday, July 9, 2022 11:26 AM

1

**To:** Aaron Magier <[amagier@mainlineoverland.com](mailto:amagier@mainlineoverland.com)>
**Subject:** Re: Van build

Hi Aaron - would it make sense for me to drop the Sprinter van down in the next week or so?  I am not using it and it would let your team either do all the outside work and do the inside as soon as they get the AW parts?  Just a thought. We are flexible. Thanks again - definitely appreciate the help.

David

David Hellier
(m) REDACTED
(e)   REDACTED

> On Jul 8, 2022, at 9:41 AM, Aaron Magier <[amagier@mainlineoverland.com](mailto:amagier@mainlineoverland.com)> wrote:
>
> Hey David,
>
> We are still waiting on the adventure wagon kit but have everything else in.
>
> Let me reach out to them to see about how much longer it will be.
>
> Best,



**Aaron Magier**

**Sales & Customer Service**

(844) 656 7626 ext. 810
[amagier@mainlineoverland.com](mailto:amagier@mainlineoverland.com)
[www.mainlineoverland.com](http://www.mainlineoverland.com)

  

**From:** David H. < REDACTED >
**Sent:** Friday, July 8, 2022 10:40 AM
**To:** Aaron Magier <[amagier@mainlineoverland.com](mailto:amagier@mainlineoverland.com)>
**Subject:** Re: Van build

Hey Aaron - just checking back to see if there was any update.  Have a great weekend and thanks.

David

David Hellier
(m) REDACTED
(e)   REDACTED

> On Jul 5, 2022, at 1:43 PM, David Hellier < REDACTED > wrote:
>
> Hi Aaron - just checking in to see if there was any update on the Adventure
> Wagon parts. I think that was one of the last things we were waiting on. Also,