**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **DAVID HELLIER**<br>**980 Cape Marco Drive, Unit 906**<br>**Marco Island, FL 34145**<br><br>**Plaintiff,**<br>**v.**<br><br>**MAIN LINE OVERLAND, LLC**<br>**917 Old Fern Hill Road #200**<br>**West Chester, PA 19380**<br><br>**and**<br><br>**MATTHEW HENWOOD**<br>**671 Aubrey Avenue**<br>**Ardmore, PA 19003**<br><br>**and**<br><br>**PETER HENWOOD**<br>**622 Ardmore Avenue**<br>**Ardmore, PA 19003**<br><br>**and**<br><br>**THOMAS HENWOOD**<br>**5805 Twin Silo Road**<br>**Doylestown, PA 18902**<br><br>**Defendants.** | **CIVIL ACTION NO. 22-4149** |

## AMENDED[1] COMPLAINT

### Parties

1. Plaintiff David Hellier is an adult individual with an address as captioned.

2. Plaintiff is domiciled in the State of Florida.

3. Defendant Main Line Overland, LLC ("**MLO**") is a Pennsylvania limited liability

[1] A redlined version of the Amended Complaint is attached hereto as Exhibit "1."

company with a business address as captioned.

4. Defendant MLO, and all of its members, are domiciled in the Commonwealth of Pennsylvania.

5. Defendant Matthew Henwood is an adult individual with an address as captioned.

6. Defendant Matthew Henwood is domiciled in the Commonwealth of Pennsylvania.

7. Defendant Matthew Henwood holds himself out as the President and Co-Owner of Defendant MLO.

8. Defendant Peter Henwood is an adult individual with an address as captioned.

9. Defendant Peter Henwood is domiciled in the Commonwealth of Pennsylvania.

10. Defendant Peter Henwood holds himself out as the Vice President and Co-Owner of Defendant MLO.

11. Defendant Thomas Henwood is an adult individual with an address as captioned.

12. Defendant Thomas Henwood is domiciled in the Commonwealth of Pennsylvania.

13. Defendant Thomas Henwood holds himself out as the Director or Marketing and Co-Owner of Defendant MLO.

## Jurisdiction and Venue

14. Plaintiff incorporates the foregoing paragraphs as though fully set forth at length herein.

15. This Honorable Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 as there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000.00.

16. Venue is proper pursuant to 28 U.S.C. § 1391(b) as all Defendants are residents of this judicial district and a substantial part of the events and/or omissions giving rise to the claims

herein occurred in this judicial district.

**Facts**

17. Plaintiff incorporates the foregoing paragraphs as though fully set forth at length herein.

18. On or about January 22, 2022, Plaintiff purchased a Mercedes-Benz Sprinter Van, VIN No. W1W4EBHY3MT069816 (the "**Original Van**").

19. Plaintiff paid $80,338.86 for the Original Van.

20. Plaintiff purchased the Original Van with the intention of hiring a third party to customize and outfit the Original Van so that Plaintiff and his family could use the Original Van for vacations.

21. In or around March, 2022, Plaintiff engaged Defendant MLO to outfit the Original Van.

22. For several months, Plaintiff and representatives of Defendant MLO engaged in extensive correspondence regarding outfitting the Original Van.

23. Plaintiff primarily corresponded with Aaron Magier, an employee of Defendant MLO.

24. Plaintiff advised Mr. Magier that he needed the Original Van completed by mid-August 2022, as Plaintiff and his family intended to use the Original Van for a vacation beginning on August 18, 2022.

25. During their initial discussions regarding the Original Van, Mr. Magier informed Plaintiff that some of the parts could take up to sixteen (16) weeks to procure.

26. Mr. Magier further advised Plaintiff that if he wanted the work on the Original Van to be completed in time for the mid-August vacation, Plaintiff should order all parts by the end of

March 2022.

27. Based upon Mr. Magier's representations, Plaintiff ordered all parts by the end of March 2022.

28. The only parts ordered by Plaintiff after the end of March 2022 were:

(a) an extended fuel tank ordered on June 8, 2022; and

(b) a stereo upgrade ordered on July 13, 2022.

29. At no time did Mr. Magier or any other employee or representative of Defendant MLO advise Plaintiff that the addition of parts would affect the timeline for completing the Original Van.

30. Indeed, in an email dated June 8, 2022, regarding the addition of the extended fuel tank, Mr. Magier stated, "The extended fuel tank is an awesome option! . . . They don't have a crazy long lead time so I would expect it to be here around the time of your remaining items."

31. A true and correct copy of the June 8, 2022 email correspondence is attached hereto and made a part hereof as Exhibit "2."

32. Further, nowhere in email correspondence with Plaintiff regarding the upgraded stereo did Mr. Magier advise Plaintiff that adding the upgraded stereo would affect the timeline for completing the Original Van.

33. A true and correct copy of the email correspondence regarding the upgraded stereo is attached hereto and made a part hereof as Exhibit "3."

34. During their initial discussions, and in all subsequent discussions, regarding the Original Van, Mr. Magier also informed Plaintiff that outfitting the Original Van would take 1 ½ to 2 weeks.

35. Plaintiff's decision to hire Defendant MLO to outfit the Original Van was, in large

part, based upon Defendant MLO's representations regarding the time that it would take to obtain parts and complete the work on the Original Van.

36. If Defendant MLO had not represented to Plaintiff that the Original Van would be ready by mid-August, Plaintiff would not have hired Defendant MLO to outfit the Original Van.

37. Plaintiff paid MLO the total sum of $78,255.89 to outfit the Original Van.

38. On July 5, 2022, Plaintiff emailed Mr. Magier and stated, in pertinent part, "Hi Aaron – just checking in to see if there was any update on the Adventure Wagon parts. . . . We plan to drive the Sprinter to Utqh [sic] in August."

39. A true and correct copy of the July 5, 2022 email correspondence is attached hereto and made a part hereof as Exhibit "4."

40. Mr. Magier responded to Plaintiff's email on July 8, 2022. *See* Exh. "4."

41. Indeed, in an email to Plaintiff on July 8, 2022, Mr. Magier indicated that, with the exception of the adventure wagon kit (which was part of the original order placed with Defendant MLO prior to the end of March 2022), all parts ordered for the Original Van (including the extended fuel tank which had been ordered in June 2022) had been delivered to Defendant MLO. *See* Exh. "4."

42. On July 8, 2022, Plaintiff again emailed Mr. Magier and stated, in pertinent part, "Hoping parts can get in so Van can be ready by Aug 12. We are heading to UT the following week." *See id*.

43. On July 9, 2022, Plaintiff emailed Mr. Magier and inquired whether he should drop off the Original Van over the next few weeks.

44. A true and correct copy of the July 9, 2022 email correspondence is attached hereto and made a part hereof as Exhibit "5."

45. Mr. Magier responded to Plaintiff and stated, in pertinent part, "Can you drop off the week of the 25th? I'll put you on the schedule for two weeks starting then and we will have everything. Should work out perfect for your trip!" *See* Exh. "5."

46. In reliance upon Defendant MLO's verbal and written representations regarding the time it would take to complete the work on the Original Van and the date by which the work would be completed, Plaintiff delivered the Original Van to Defendant MLO on July 27, 2022.

47. Based upon Defendant MLO's express representations, Plaintiff expected that the Original Van would be outfitted and ready to be picked up from Defendant MLO on or around August 12, 2022.

48. On or about August 8, 2022, Defendant MLO informed Plaintiff that the work on the Original Van would not be completed by August 18, 2022.

49. Plaintiff made multiple attempts to amicably resolve the dispute with Defendant MLO regarding the completion date of the Original Van.

50. Despite these attempts, Defendant MLO failed and refused to complete the work on the Original Van by August 18, 2022.

51. Indeed, when Plaintiff visited Defendant MLO on August 15, 2022 to retrieve several items that he needed for his vacation, Defendant MLO had only completed approximately 25% of the work on the Original Van.

52. As such, even if Plaintiff did not add the extended fuel tank and upgraded stereo to the Original Van, Defendant MLO would not have had the Original Van completed by August 18, 2022.

53. Plaintiff further learned that the outfitting work for the Original Van was never going to take as little as 1 ½ to 2 weeks to complete.

54. To the contrary, a representative of Defendant MLO informed Plaintiff that the outfitting work for the Original Van would take approximately 3 weeks to complete.

55. Upon information and belief, representatives of Defendant MLO knew that the representation that the work on the Original Van would take only 1 ½ to 2 weeks to complete was false at the time they made such representation.

56. As a result of Defendant MLO's failure to complete the van by August 18, 2022 (despite its express representations to the contrary), Plaintiff had no choice but to purchase another, fully-outfitted, sprinter van for his family trip (the "**New Van**").

57. It was necessary for Plaintiff to obtain the New Van for the family trip because Plaintiff's fiancée has a medical condition that has rendered her largely unable to utilize air travel.

58. Plaintiff paid $179,501.59 for the New Van.

59. Defendant MLO remains in possession of the Original Van.

60. Upon information and belief, Defendant MLO is a small company that has approximately 15 employees.

61. Upon information and belief, Matthew Henwood, Peter Henwood, and Thomas Henwood (collectively, the "**Henwood Defendants**") all actively participate in the operation of Defendant MLO.

62. Upon information and belief, the Henwood Defendants each knew about: (a) their employees' representations to Plaintiff regarding the Original Van; and (b) that those representations were false.

63. Upon information and belief, the Henwood Defendants each participated in and cooperated with their employees' misrepresentations set forth above.

64. As a result of Defendants' actions as set forth above, Plaintiff has suffered

substantial monetary damages including, but not limited to, the sum paid for the Original Van, amounts paid to Defendant MLO, the increased cost of the New Van, and attorney's fees.

**Count I**
**Violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law**
***Plaintiff v. All Defendants***

65. Plaintiff incorporates the foregoing paragraphs as though fully set forth at length herein.

66. The transaction between Plaintiff and Defendant MLO is within the purview of Pennsylvania's Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1 *et seq*. (the "**UTPCPL**").

67. Plaintiff purchased the Original Van for personal, household, or family use.

68. Plaintiff engaged Defendant MLO to outfit the Original Van for personal, household, or family use.

69. Defendant MLO violated the "catch-all" provision of the UTPCPL by engaging in fraudulent and deceptive conduct that creates a likelihood of confusion or misunderstanding.

70. Specifically, Defendant MLO expressly represented to Plaintiff that: (a) the work on the Original Van would be completed before August 18, 2022; and that (b) the work on the Original Van would take 1 ½ to 2 weeks to complete once all parts were delivered.

71. As detailed above, those representations were false and misleading.

72. Defendant MLO intended that Plaintiff rely upon the aforementioned misrepresentations when determining whether to engage Defendant MLO to outfit the Original Van.

73. Plaintiff reasonably relied upon the aforementioned representations when deciding to engage Defendant MLO to outfit the Original Van.

74. As a result of Defendant MLO's misrepresentations, Plaintiff has been damaged.

75. At all relevant times, the Henwood Defendants participated in, and cooperated with, Defendant MLO's aforementioned actions.

WHEREFORE, Plaintiff David Hellier demands judgment in his favor and against Defendant Main Line Overland, LLC; Matthew Henwood; Peter Henwood; and Thomas Henwood, jointly and severally, for compensatory damages, treble damages, attorney's fees, costs, and any other relief this Honorable Court deems just and proper.

**Count II**
**Fraud**
***Plaintiff v. All Defendants***

76. Plaintiff incorporates the foregoing paragraphs as though fully set forth at length herein.

77. As set forth above, Defendant MLO expressly represented to Plaintiff that: (a) the work on the Original Van would be completed before August 18, 2022; and that (b) the work on the Original Van would take 1 ½ to 2 weeks to complete once all parts were delivered.

78. As detailed above, those representations were false.

79. Defendant MLO intended that Plaintiff rely upon the aforementioned misrepresentations when determining whether to engage Defendant MLO to outfit the Original Van.

80. Defendant MLO knew or recklessly disregarded that the aforementioned representation were false.

81. Plaintiff reasonably relied upon the aforementioned representations when determine whether to engage Defendant MLO to outfit the Original Van.

82. The aforesaid misrepresentations were material to the transaction at issue.

83. As a result of Defendant MLO's misrepresentations, Plaintiff has been damaged.

84. Defendant MLO purposefully made the aforementioned representations to induce Plaintiff to hire Defendant MLO to outfit the Original Van.

85. Defendant MLO's conduct in purposefully making misrepresentations was malicious and in reckless disregard of Plaintiff's rights.

86. At all relevant times, the Henwood Defendants participated in, and cooperated with, Defendant MLO's aforementioned actions.

WHEREFORE, Plaintiff David Hellier demands judgment in his favor and against Defendant Main Line Overland, LLC; Matthew Henwood; Peter Henwood; and Thomas Henwood, jointly and severally, for compensatory damages, punitive damages, costs, and any other relief this Honorable Court deems just and proper.

## Count III
## Negligent Misrepresentation
***Plaintiff v. All Defendants***

87. Plaintiff incorporates the foregoing paragraphs as though fully set forth at length herein.

88. As set forth above, Defendant MLO expressly represented to Plaintiff that: (a) the work on the Original Van would be completed before August 18, 2022; and that (b) the work on the Original Van would take 1 ½ to 2 weeks to complete once all parts were delivered.

89. Defendant MLO knew, or should have known, that each of those representations was false.

90. Defendant MLO intended that Plaintiff rely upon the aforementioned misrepresentations when determining whether to hire Defendant MLO to outfit the Original Van.

91. Plaintiff reasonably relied upon the aforementioned misrepresentations when

determining whether to hire Defendant MLO to outfit the Original Van.

92. As a result of Defendant MLO's misrepresentations, Plaintiff has been damaged.

93. At all relevant times, the Henwood Defendants participated in, and cooperated with, Defendant MLO's aforementioned actions.

WHEREFORE, Plaintiff David Hellier demands judgment in his favor and against Defendant Main Line Overland, LLC; Matthew Henwood; Peter Henwood; and Thomas Henwood, jointly and severally, for compensatory damages, punitive damages, costs, and any other relief this Honorable Court deems just and proper.

**Count IV**
**Breach of Contract**
***Plaintiff v. Defendant MLO***

94. Plaintiff incorporates the foregoing paragraphs as though fully set forth at length herein.

95. Through their course of dealing, Plaintiff and Defendant MLO entered into a contract whereby Defendant MLO agreed to outfit the Original Van pursuant to specifications provided by Plaintiff and Plaintiff agreed to pay Defendant MLO for the parts and labor associated with outfitting the Original Van.

96. Defendant MLO agreed to have the work on the Original Van completed before August 18, 2022.

97. Defendant MLO breached the contract by failing to complete the work on the Original Van before August 18, 2022.

98. As a result of Defendant MLO's breach of the parties' agreement, Plaintiff has incurred damages.

WHEREFORE, Plaintiff David Hellier demands judgment in his favor and against Defendant Main Line Overland, LLC for compensatory damages, pre-judgment interest, costs, and any other relief this Honorable Court deems just and proper.

**LUNDY, BELDECOS & MILBY, P.C.**

Date: 11/25/2022 By: *_/s/ Jessica M. Gulash_*

**JESSICA M. GULASH, ESQUIRE**
PA ID # 208463
450 N. Narberth Avenue, Suite 200
Narberth, PA 19072
(610) 668-0772
jgulash@lbmlaw.com

*Attorney for Plaintiff*

# Exhibit “1”

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **DAVID HELLIER**<br>**980 Cape Marco Drive, Unit 906**<br>**Marco Island, FL 34145**<br><br>**Plaintiff,**<br>**v.**<br><br>**MAIN LINE OVERLAND, LLC**<br>**917 Old Fern Hill Road #200**<br>**West Chester, PA 19380**<br><br>**and**<br><br>**MATTHEW HENWOOD**<br>**671 Aubrey Avenue**<br>**Ardmore, PA 19003**<br><br>**and**<br><br>**PETER HENWOOD**<br>**622 Ardmore Avenue**<br>**Ardmore, PA 19003**<br><br>**and**<br><br>**THOMAS HENWOOD**<br>**5805 Twin Silo Road**<br>**Doylestown, PA 18902**<br><br>**Defendants.** | **CIVIL ACTION NO. 22-4149** |

**AMENDED[1] COMPLAINT**

**Parties**

1. Plaintiff David Hellier is an adult individual with an address as captioned.

2. Plaintiff is domiciled in the State of Florida.

3. Defendant Main Line Overland, LLC ("**MLO**") is a Pennsylvania limited liability

[1] A redlined version of the Amended Complaint is attached hereto as Exhibit "1."

company with a business address as captioned.

4. Defendant MLO, and all of its members, are domiciled in the Commonwealth of Pennsylvania.

5. Defendant Matthew Henwood is an adult individual with an address as captioned.

6. Defendant Matthew Henwood is domiciled in the Commonwealth of Pennsylvania.

7. Defendant Matthew Henwood holds himself out as the President and Co-Owner of Defendant MLO.

8. Defendant Peter Henwood is an adult individual with an address as captioned.

9. Defendant Peter Henwood is domiciled in the Commonwealth of Pennsylvania.

10. Defendant Peter Henwood holds himself out as the Vice President and Co-Owner of Defendant MLO.

11. Defendant Thomas Henwood is an adult individual with an address as captioned.

12. Defendant Thomas Henwood is domiciled in the Commonwealth of Pennsylvania.

13. Defendant Thomas Henwood holds himself out as the Director or Marketing and Co-Owner of Defendant MLO.

## Jurisdiction and Venue

14. Plaintiff incorporates the foregoing paragraphs as though fully set forth at length herein.

15. This Honorable Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 as there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000.00.

16. Venue is proper pursuant to 28 U.S.C. § 1391(b) as all Defendants are residents of this judicial district and a substantial part of the events and/or omissions giving rise to the claims

herein occurred in this judicial district.

**Facts**

17. Plaintiff incorporates the foregoing paragraphs as though fully set forth at length herein.

18. On or about January 22, 2022, Plaintiff purchased a Mercedes-Benz Sprinter Van, VIN No. W1W4EBHY3MT069816 (the "**Original Van**").

19. Plaintiff paid $80,338.86 for the Original Van.

20. Plaintiff purchased the Original Van with the intention of hiring a third party to customize and outfit the Original Van so that Plaintiff and his family could use the Original Van for vacations.

21. In or around March, 2022, Plaintiff engaged Defendant MLO to outfit the Original Van.

22. For several months, Plaintiff and representatives of Defendant MLO engaged in extensive correspondence regarding outfitting the Original Van.

23. Plaintiff primarily corresponded with Aaron Magier, an employee of Defendant MLO.

24. Plaintiff advised Mr. Magier that he needed the Original Van completed by mid-August 2022, as Plaintiff and his family intended to use the Original Van for a vacation beginning on August 18, 2022.

25. During their initial discussions regarding the Original Van, Mr. Magier informed Plaintiff that some of the parts could take up to sixteen (16) weeks to procure.

26. Mr. Magier further advised Plaintiff that if he wanted the work on the Original Van to be completed in time for the mid-August vacation, Plaintiff should order all parts by the end of

March 2022.

27. Based upon Mr. Magier's representations, Plaintiff ordered all parts by the end of March 2022.

28. The only parts ordered by Plaintiff after the end of March 2022 were:

(a) an extended fuel tank ordered on June 8, 2022; and

(b) a stereo upgrade ordered on July 13, 2022.

29. At no time did Mr. Magier or any other employee or representative of Defendant MLO advise Plaintiff that the addition of parts would affect the timeline for completing the Original Van.

30. Indeed, in an email dated June 8, 2022, regarding the addition of the extended fuel tank, Mr. Magier stated, "The extended fuel tank is an awesome option! . . . They don't have a crazy long lead time so I would expect it to be here around the time of your remaining items."

31. A true and correct copy of the June 8, 2022 email correspondence is attached hereto and made a part hereof as Exhibit "2."

32. Further, nowhere in email correspondence with Plaintiff regarding the upgraded stereo did Mr. Magier advise Plaintiff that adding the upgraded stereo would affect the timeline for completing the Original Van.

33. A true and correct copy of the email correspondence regarding the upgraded stereo is attached hereto and made a part hereof as Exhibit "3."

34. During their initial discussions, and in all subsequent discussions, regarding the Original Van, Mr. Magier also informed Plaintiff that outfitting the Original Van would take 1 ½ to 2 weeks.

35. Plaintiff's decision to hire Defendant MLO to outfit the Original Van was, in large

part, based upon Defendant MLO's representations regarding the time that it would take to obtain parts and complete the work on the Original Van.

36. If Defendant MLO had not represented to Plaintiff that the Original Van would be ready by mid-August, Plaintiff would not have hired Defendant MLO to outfit the Original Van.

37. Plaintiff paid MLO the total sum of $78,255.89 to outfit the Original Van.

38. On July 5, 2022, Plaintiff emailed Mr. Magier and stated, in pertinent part, "Hi Aaron – just checking in to see if there was any update on the Adventure Wagon parts. . . . We plan to drive the Sprinter to Utqh [sic] in August."

39. A true and correct copy of the July 5, 2022 email correspondence is attached hereto and made a part hereof as Exhibit "4."

40. Mr. Magier responded to Plaintiff's email on July 8, 2022. *See* Exh. "4."

41. Indeed, in an email to Plaintiff on July 8, 2022, Mr. Magier indicated that, with the exception of the adventure wagon kit (which was part of the original order placed with Defendant MLO prior to the end of March 2022), all parts ordered for the Original Van (including the extended fuel tank which had been ordered in June 2022) had been delivered to Defendant MLO. *See* Exh. "4."

42. On July 8, 2022, Plaintiff again emailed Mr. Magier and stated, in pertinent part, "Hoping parts can get in so Van can be ready by Aug 12. We are heading to UT the following week." *See id*.

43. On July 9, 2022, Plaintiff emailed Mr. Magier and inquired whether he should drop off the Original Van over the next few weeks.

44. A true and correct copy of the July 9, 2022 email correspondence is attached hereto and made a part hereof as Exhibit "5."

45. Mr. Magier responded to Plaintiff and stated, in pertinent part, “Can you drop off the week of the 25th? I’ll put you on the schedule for two weeks starting then and we will have everything. Should work out perfect for your trip!” *See* Exh. “5.”

46. In reliance upon Defendant MLO’s verbal and written representations regarding the time it would take to complete the work on the Original Van and the date by which the work would be completed, Plaintiff delivered the Original Van to Defendant MLO on July 27, 2022.

47. Based upon Defendant MLO’s express representations, Plaintiff expected that the Original Van would be outfitted and ready to be picked up from Defendant MLO on or around August 12, 2022.

48. On or about August 8, 2022, Defendant MLO informed Plaintiff that the work on the Original Van would not be completed by August 18, 2022.

49. Plaintiff made multiple attempts to amicably resolve the dispute with Defendant MLO regarding the completion date of the Original Van.

50. Despite these attempts, Defendant MLO failed and refused to complete the work on the Original Van by August 18, 2022.

51. Indeed, when Plaintiff visited Defendant MLO on August 15, 2022 to retrieve several items that he needed for his vacation, Defendant MLO had only completed approximately 25% of the work on the Original Van.

52. As such, even if Plaintiff did not add the extended fuel tank and upgraded stereo to the Original Van, Defendant MLO would not have had the Original Van completed by August 18, 2022.

53. Plaintiff further learned that the outfitting work for the Original Van was <u>never</u> going to take as little as 1 ½ to 2 weeks to complete.

54. To the contrary, a representative of Defendant MLO informed Plaintiff that the outfitting work for the Original Van would take approximately 3 weeks to complete.

55. Upon information and belief, representatives of Defendant MLO knew that the representation that the work on the Original Van would take only 1 ½ to 2 weeks to complete was false at the time they made such representation.

56. As a result of Defendant MLO’s failure to complete the van by August 18, 2022 (despite its express representations to the contrary), Plaintiff had no choice but to purchase another, fully-outfitted, sprinter van for his family trip (the “**New Van**”).

57. It was necessary for Plaintiff to obtain the New Van for the family trip because Plaintiff’s fiancée has a medical condition that has rendered her largely unable to utilize air travel.

58. Plaintiff paid $179,501.59 for the New Van.

59. Defendant MLO remains in possession of the Original Van.

60. Upon information and belief, Defendant MLO is a small company that has approximately 15 employees.

61. Upon information and belief, Matthew Henwood, Peter Henwood, and Thomas Henwood (collectively, the “**Henwood Defendants**”) all actively participate in the operation of Defendant MLO.

62. Upon information and belief, the Henwood Defendants each knew about: (a) their employees’ representations to Plaintiff regarding the Original Van; and (b) that those representations were false.

63. Upon information and belief, the Henwood Defendants each participated in and cooperated with their employees’ misrepresentations set forth above.

64. As a result of Defendants’ actions as set forth above, Plaintiff has suffered

substantial monetary damages including, but not limited to, the sum paid for the Original Van, amounts paid to Defendant MLO, the increased cost of the New Van, and attorney's fees.

**Count I**
**Violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law**
***Plaintiff v. All Defendants***

65. Plaintiff incorporates the foregoing paragraphs as though fully set forth at length herein.

66. The transaction between Plaintiff and Defendant MLO is within the purview of Pennsylvania's Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1 *et seq*. (the "**UTPCPL**").

67. Plaintiff purchased the Original Van for personal, household, or family use.

68. Plaintiff engaged Defendant MLO to outfit the Original Van for personal, household, or family use.

69. Defendant MLO violated the "catch-all" provision of the UTPCPL by engaging in fraudulent and deceptive conduct that creates a likelihood of confusion or misunderstanding.

70. Specifically, Defendant MLO expressly represented to Plaintiff that: (a) the work on the Original Van would be completed before August 18, 2022; and that (b) the work on the Original Van would take 1 ½ to 2 weeks to complete once all parts were delivered.

71. As detailed above, those representations were false and misleading.

72. Defendant MLO intended that Plaintiff rely upon the aforementioned misrepresentations when determining whether to engage Defendant MLO to outfit the Original Van.

73. Plaintiff reasonably relied upon the aforementioned representations when deciding to engage Defendant MLO to outfit the Original Van.

74. As a result of Defendant MLO's misrepresentations, Plaintiff has been damaged.

75. At all relevant times, the Henwood Defendants participated in, and cooperated with, Defendant MLO's aforementioned actions.

WHEREFORE, Plaintiff David Hellier demands judgment in his favor and against Defendant Main Line Overland, LLC; Matthew Henwood; Peter Henwood; and Thomas Henwood, jointly and severally, for compensatory damages, treble damages, attorney's fees, costs, and any other relief this Honorable Court deems just and proper.

**Count II**
**Fraud**
***Plaintiff v. All Defendants***

76. Plaintiff incorporates the foregoing paragraphs as though fully set forth at length herein.

77. As set forth above, Defendant MLO expressly represented to Plaintiff that: (a) the work on the Original Van would be completed before August 18, 2022; and that (b) the work on the Original Van would take 1 ½ to 2 weeks to complete once all parts were delivered.

78. As detailed above, those representations were false.

79. Defendant MLO intended that Plaintiff rely upon the aforementioned misrepresentations when determining whether to engage Defendant MLO to outfit the Original Van.

80. Defendant MLO knew or recklessly disregarded that the aforementioned representation were false.

81. Plaintiff reasonably relied upon the aforementioned representations when determine whether to engage Defendant MLO to outfit the Original Van.

82. The aforesaid misrepresentations were material to the transaction at issue.

83. As a result of Defendant MLO's misrepresentations, Plaintiff has been damaged.

84. Defendant MLO purposefully made the aforementioned representations to induce Plaintiff to hire Defendant MLO to outfit the Original Van.

85. Defendant MLO's conduct in purposefully making misrepresentations was malicious and in reckless disregard of Plaintiff's rights.

86. At all relevant times, the Henwood Defendants participated in, and cooperated with, Defendant MLO's aforementioned actions.

WHEREFORE, Plaintiff David Hellier demands judgment in his favor and against Defendant Main Line Overland, LLC; Matthew Henwood; Peter Henwood; and Thomas Henwood, jointly and severally, for compensatory damages, punitive damages, costs, and any other relief this Honorable Court deems just and proper.

## **Count III**
## **Negligent Misrepresentation**
***Plaintiff v. All Defendants***

87. Plaintiff incorporates the foregoing paragraphs as though fully set forth at length herein.

88. As set forth above, Defendant MLO expressly represented to Plaintiff that: (a) the work on the Original Van would be completed before August 18, 2022; and that (b) the work on the Original Van would take 1 ½ to 2 weeks to complete once all parts were delivered.

89. Defendant MLO knew, or should have known, that each of those representations was false.

90. Defendant MLO intended that Plaintiff rely upon the aforementioned misrepresentations when determining whether to hire Defendant MLO to outfit the Original Van.

91. Plaintiff reasonably relied upon the aforementioned misrepresentations when

determining whether to hire Defendant MLO to outfit the Original Van.

92. As a result of Defendant MLO's misrepresentations, Plaintiff has been damaged.

93. At all relevant times, the Henwood Defendants participated in, and cooperated with, Defendant MLO's aforementioned actions.

WHEREFORE, Plaintiff David Hellier demands judgment in his favor and against Defendant Main Line Overland, LLC; Matthew Henwood; Peter Henwood; and Thomas Henwood, jointly and severally, for compensatory damages, punitive damages, costs, and any other relief this Honorable Court deems just and proper.

**Count IV**
**Breach of Contract**
***Plaintiff v. Defendant MLO***

94. Plaintiff incorporates the foregoing paragraphs as though fully set forth at length herein.

95. Through their course of dealing, Plaintiff and Defendant MLO entered into a contract whereby Defendant MLO agreed to outfit the Original Van pursuant to specifications provided by Plaintiff and Plaintiff agreed to pay Defendant MLO for the parts and labor associated with outfitting the Original Van.

96. Defendant MLO agreed to have the work on the Original Van completed before August 18, 2022.

97. Defendant MLO breached the contract by failing to complete the work on the Original Van before August 18, 2022.

98. As a result of Defendant MLO's breach of the parties' agreement, Plaintiff has incurred damages.

WHEREFORE, Plaintiff David Hellier demands judgment in his favor and against Defendant Main Line Overland, LLC for compensatory damages, pre-judgment interest, costs, and any other relief this Honorable Court deems just and proper.

**LUNDY, BELDECOS & MILBY, P.C.**

Date: 11/25/2022 By: */s/ Jessica M. Gulash*

**JESSICA M. GULASH, ESQUIRE**
PA ID # 208463
450 N. Narberth Avenue, Suite 200
Narberth, PA 19072
(610) 668-0772
jgulash@lbmlaw.com

*Attorney for Plaintiff*

# Exhibit "2"

Begin forwarded message:

**From:** Aaron Magier <amagier@mainlineoverland.com>
**Subject: Re: Van build**
**Date:** June 8, 2022 at 9:27:14 AM EDT
**To:** David H. <dlhellier@gmail.com>

Hi David,

I'll do an inventory check today on your build!

I know we haven't gotten the adventure wagon kit yet and waiting on one or two of the cabinets from flatline.

The extended fuel tank is an awesome option! We do a lot of them here it gives you an extra 28 gallons of fuel which will get you pretty far. Additionally, its more fuel for the heater.

They don't have a crazy long lead time so I would expect it to be here around the time of your remaining items.

The Lehigh is awesome! The gorge is where the best trout fishing is.

Are you going with Nick Raftas from Wilds east Outfitters?

Best,

# Exhibit "3"

Begin forwarded message:

**From:** Aaron Magier <amagier@mainlineoverland.com>
**Subject: Re: Van build**
**Date:** July 12, 2022 at 2:21:06 PM EDT
**To:** David H. <dlhellier@gmail.com>

Hi David,

That sounds good! Always love talking fly fishing.

We are dealers for roam rig and can certainly install that stereo upgrade for you.

We haven't done that renntec camera mod but it seems simple enough to install.

For maxtrax, you can either get the bracket from freedom van go for your roof rack or do something off the back on one of the owl racks.

Let me know what you would like to do, I can send over invoice to get anything else we need on order

Best,

**Aaron Magier**
Sales & Customer Service

(844) 656 7626 ext. 810
amagier@mainlineoverland.com
www.mainlineoverland.com

---

**From:** David H. <dlhellier@gmail.com>
**Sent:** Monday, July 11, 2022 11:30 AM

**To:** Aaron Magier <amagier@mainlineoverland.com>
**Subject:** Re: Van build

Thanks Aaron - that sounds like a good plan. I will plan to drop off the Sprinter on either 7/27 or 7/29. Will keep you posted on which day I will drive down. I look forward to meeting you in person and talking about fly fishing.

2 more outfitting questions (I keep seeing other things that I think would be good to add).

1. Beat Box: I saw you guys install. The OEM stereo is pretty weak - how does this perform and are there any other upgrade options you recommend?
2. Renntech always on rear camera - looks like a very helpful add. Any thoughts?
3. I am buying a set of Maxtraxx board - with my set up, where would you recommend mounting them and are there mounting brackets you recommend? Is this something that you could add to the build?

Again, I appreciate the help.

Best regards,
David

On Jul 11, 2022, at 9:35 AM, Aaron Magier <amagier@mainlineoverland.com> wrote:

Hi David,

I was talking with Adventure wagon on Friday and It look like the final pieces of your kit are backordered for another week or so.

We don't really have the space to keep your van inside here this week. Can you drop off the week of the 25th?

I'll put you in the schedule for two weeks starting then and we will have everything.

Should work out perfect for your trip!

Let me know if that works.

Best,

**Aaron Magier**
Sales & Customer Service
(844) 656 7626 ext. 810
amagier@mainlineoverland.com
www.mainlineoverland.com

---

**From:** David H. <dlhellier@gmail.com>
**Sent:** Saturday, July 9, 2022 11:26 AM

# Exhibit “4”

Begin forwarded message:

**From:** David Hellier <dlhellier@gmail.com>
**Subject: Re: Van build**
**Date:** July 5, 2022 at 2:43:57 PM EDT
**To:** Aaron Magier <amagier@mainlineoverland.com>

Hi Aaron - just checking in to see if there was any update on the Adventure Wagon parts. I think that was one of the last things we were waiting on. Also, once the parts are in what is the process for scheduling? We plan to drive the Sprinter to Utqh in August.

Thanks, David

David Hellier
(m) REDACTED
(e) dlhellier@gmail.com

Sent from my iPhone

> On Jun 9, 2022, at 9:33 AM, Aaron Magier <amagier@mainlineoverland.com> wrote:
>
> Ok Great!
>
> I just sent over an invoice for the tank. Please get that paid asap so I can get it ordered up!
>
> Best,

Begin forwarded message:

**From:** "David H." <dlhellier@gmail.com>
**Subject: Re: Van build**
**Date:** July 8, 2022 at 10:40:02 AM EDT
**To:** Aaron Magier <amagier@mainlineoverland.com>

Hey Aaron - just checking back to see if there was any update. Have a great weekend and thanks.

David

David Hellier
(m) REDACTED
(e) dlhellier@gmail.com

> On Jul 5, 2022, at 1:43 PM, David Hellier <dlhellier@gmail.com> wrote:
>
> Hi Aaron - just checking in to see if there was any update on the Adventure Wagon parts. I think that was one of the last things we were waiting on. Also, once the parts are in what is the process for scheduling? We plan to drive the Sprinter to Utqh in August.
>
> Thanks, David
>
> David Hellier
> (m) REDACTED
> (e) dlhellier@gmail.com
>
> Sent from my iPhone
>
>> On Jun 9, 2022, at 9:33 AM, Aaron Magier <amagier@mainlineoverland.com> wrote:
>>
>> Ok Great!

Begin forwarded message:

**From:** Aaron Magier <amagier@mainlineoverland.com>
**Subject: Re: Van build**
**Date:** July 8, 2022 at 10:41:15 AM EDT
**To:** David H. <dlhellier@gmail.com>

Hey David,

We are still waiting on the adventure wagon kit but have everything else in.

Let me reach out to them to see about how much longer it will be.

Best,

MAIN LINE OVERLAND

**Aaron Magier**
Sales & Customer Service

(844) 656 7626 ext. 810
amagier@mainlineoverland.com
www.mainlineoverland.com

---

**From:** David H. <dlhellier@gmail.com>
**Sent:** Friday, July 8, 2022 10:40 AM
**To:** Aaron Magier <amagier@mainlineoverland.com>
**Subject:** Re: Van build

Hey Aaron - just checking back to see if there was any update. Have a great weekend and thanks.

David

David Hellier
(m) REDACTED
(e) dlhellier@gmail.com

Begin forwarded message:

**From:** David Hellier <dlhellier@gmail.com>
**Subject: Re: Van build**
**Date:** July 8, 2022 at 10:48:50 AM EDT
**To:** Aaron Magier <amagier@mainlineoverland.com>

Thanks Aaron. Hoping parts can get in so Van can be ready by Aug 12. We are heading to UT the following week. Appreciate the help!

David Hellier
(m) REDACTED
(e) dlhellier@gmail.com

Sent from my iPhone

On Jul 8, 2022, at 9:41 AM, Aaron Magier <amagier@mainlineoverland.com> wrote:

Hey David,

We are still waiting on the adventure wagon kit but have everything else in.

Let me reach out to them to see about how much longer it will be.

Best,

Aaron Magier
Sales & Customer Service
(844) 656 7626 ext. 810
amagier@mainlineoverland.com
www.mainlineoverland.com

# Exhibit "5"

Begin forwarded message:

**From:** "David H." <dlhellier@gmail.com>
**Subject: Re: Van build**
**Date:** July 9, 2022 at 11:26:51 AM EDT
**To:** Aaron Magier <amagier@mainlineoverland.com>

Hi Aaron - would it make sense for me to drop the Sprinter van down in the next week or so? I am not using it and it would let your team either do all the outside work and do the inside as soon as they get the AW parts? Just a thought. We are flexible. Thanks again - definitely appreciate the help.

David

David Hellier
(m) REDACTED
(e) dlhellier@gmail.com

On Jul 8, 2022, at 9:41 AM, Aaron Magier <amagier@mainlineoverland.com> wrote:

Hey David,

We are still waiting on the adventure wagon kit but have everything else in.

Let me reach out to them to see about how much longer it will be.

Best,

MAIN LINE OVERLAND

**Aaron Magier**
Sales & Customer Service

(844) 656 7626 ext. 810
amagier@mainlineoverland.com
www.mainlineoverland.com

Begin forwarded message:

**From:** Aaron Magier <amagier@mainlineoverland.com>
**Subject: Re: Van build**
**Date:** July 11, 2022 at 9:35:05 AM EDT
**To:** David H. <dlhellier@gmail.com>

Hi David,

I was talking with Adventure wagon on Friday and It look like the final pieces of your kit are backordered for another week or so.

We don't really have the space to keep your van inside here this week. Can you drop off the week of the 25th?

I'll put you in the schedule for two weeks starting then and we will have everything.

Should work out perfect for your trip!

Let me know if that works.

Best,

MAIN LINE OVERLAND

**Aaron Magier**
Sales & Customer Service

(844) 656 7626 ext. 810
amagier@mainlineoverland.com
www.mainlineoverland.com

---

**From:** David H. <dlhellier@gmail.com>
**Sent:** Saturday, July 9, 2022 11:26 AM

Begin forwarded message:

**From:** "David H." <dlhellier@gmail.com>
**Subject: Re: Van build**
**Date:** July 11, 2022 at 11:30:23 AM EDT
**To:** Aaron Magier <amagier@mainlineoverland.com>

Thanks Aaron - that sounds like a good plan. I will plan to drop off the Sprinter on either 7/27 or 7/29. Will keep you posted on which day I will drive down. I look forward to meeting you in person and talking about fly fishing.

2 more outfitting questions (I keep seeing other things that I think would be good to add).

1. Beat Box: I saw you guys install. The OEM stereo is pretty weak - how does this perform and are there any other upgrade options you recommend?
2. Renntech always on rear camera - looks like a very helpful add. Any thoughts?
3. I am buying a set of Maxtraxx board - with my set up, where would you recommend mounting them and are there mounting brackets you recommend? Is this something that you could add to the build?

Again, I appreciate the help.

Best regards,
David

> On Jul 11, 2022, at 9:35 AM, Aaron Magier <amagier@mainlineoverland.com> wrote:
>
> Hi David,
>
> I was talking with Adventure wagon on Friday and It look like the final pieces of your kit are backordered for another week or so.
>
> We don't really have the space to keep your van inside here this week. Can you drop off the week of the 25th?
>
> I'll put you in the schedule for two weeks starting then and we will have everything.